IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-30956
Summary Calendar

CONLY J DEARMOND, JR

Plaintiff-Appellant

v.

WAL-MART LOUISIANA LLC

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CV-816

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Conly DeArmond appeals the denial of his motion in limine to exclude Wal-Mart's expert witness, Stephen Killingsworth, from testifying at trial. Concomitantly, he contests the denial of his post-trial motion for judgment as a matter of law, or a new trial, based on that testimony.

On 8 June 2004, DeArmond was involved in an accident with a riding lawnmower he had recently purchased from a Wal-Mart. DeArmond alleges: he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removed the new lawnmower from his trailer; after backing it into the driveway, he shifted it into forward gear; and, upon releasing the clutch, the mower jumped forward and the steering wheel came off of the steering shaft, causing him to flip backwards over the mower and resulting in his injuries.

Almost a year later, DeArmond filed this action, claiming Wal-Mart was negligent in its assembly of the lawnmower. It comes to Wal-Mart fully assembled except for the steering wheel, which its employee is responsible for securing in place.

DeArmond asserts that, following the accident, upon searching his driveway for any free parts or components of the lawnmower, he could not locate the steering wheel retainer clip, which secures the steering wheel to the steering shaft spline. Part of his theory of the case was that Wal-Mart either failed to install the retainer clip or failed to position it properly.

Wal-Mart retained Killingsworth, a mechanical engineer, to inspect the plaintiff's lawnmower and issue a report of his findings and conclusions. *See* FED. R. CIV. P. 26(a)(2) (disclosure of expert testimony). As part of his inspection, Killingsworth photographed both DeArmond's lawnmower and an exemplar lawnmower at the local Wal-Mart with a nearly identical wheel and shaft assembly. Also used in his analysis was a photograph of the lawnmower allegedly taken by DeArmond the day of the accident.

From his photographs of DeArmond's lawnmower, Killingsworth observed what he called "witness marks" on both sides of the steering wheel hub at the contact points for the retainer clip; these were essentially rust-free marks that correlated to the shape of the clip. From this, he concluded that there was, at some point in time, a clip in place securing the steering wheel to the shaft.

On 2 May 2008, DeArmond moved in limine to exclude Killingsworth pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The motion essentially urged:

Killingsworth had never worked in the design of lawnmowers; and, he was not a metallurgist, so he could not speak with authority about the "witness marks" and the rust surrounding them.

The district court judge conducted an extensive hearing on the motion, thoroughly questioning the parties about both Killingsworth's experience and the scope of his intended testimony. Based on counsel's arguments and the district judge's review of Killingsworth's deposition and resume, the district judge determined: Killingsworth had sufficient expertise as a mechanical engineer to testify regarding lawnmower splines and shafts; and, if his trial testimony began to move into areas in which Killingsworth was not an expert (such as metallurgy), any objections could be resolved at trial.

The action proceeded to trial. The jury returned a verdict for Wal-Mart, finding it was not negligent in the assembly of the lawnmower, and its fault was not the legal cause of DeArmond's injuries.

Post-trial, DeArmond moved for judgment as a matter of law or, in the alternative, a new trial. He contended: Killingsworth gave unreliable testimony at trial, based on subjective belief and unsupported speculation; and, in the light of the unreliable nature of that testimony, the overwhelming weight of the evidence supported DeArmond's claim. The district court denied the motion, ruling: "[e]ven upon post-trial reflection, there is no error" in allowing Killingsworth's testimony; it had "performed the *Daubert* gatekeeping function . . . [;] and the testimony of Mr. Killingsworth was appropriate to his level of experience."

The decision to admit or exclude an expert's testimony is reviewed for abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136, 138-39 (1997). "'District courts enjoy wide latitude in determining the admissibility of expert testimony, and the discretion of the trial judge and his or her decision will not be disturbed on appeal unless manifestly erroneous." *Watkins v. Telsmith, Inc.*,

121 F.3d 984, 988 (5th Cir. 1997) (internal quotation marks and citation omitted).

Denial of a motion for judgment as a matter of law is reviewed *de novo*. *E.g., Travelers Cas. and Sur. Co. of America v. Enrst & Young LLP,* 542 F.3d 475, 481 (5th Cir. 2008). Our standard of review for a jury verdict is especially deferential; accordingly, "judgment as a matter of law should not be granted unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion". *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 282 (5th Cir. 2007) (internal quotation marks and citations omitted). Our court must review all of the record evidence, "draw[ing] all reasonable inferences in favor of the nonmoving party", and "may not make credibility determinations or weigh the evidence". *Evans v. Ford Motor Co.*, 484 F.3d 329, 334 (5th Cir. 2007) (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)). Accordingly, our court must "disregard all evidence favorable to the moving party that the jury is not required to believe". *Id.* (quoting *Reeves*, 530 U.S. at 150).

Denial of a motion for a new trial is reviewed for abuse of discretion. *E.g., United States v. Wall*, 559 F.3d 274, 278 (5th Cir. 2009). This deferential standard necessitates a "clear showing" of abuse of discretion; it requires the appellant demonstrate "an absolute absence of evidence to support the jury's verdict". *Baker v. Canadian National/Ill. Cent. R.R.*, 536 F.3d 357, 366 (5th Cir. 2008) (internal quotation marks and footnote call omitted).

The sole issue regarding the admission of Killingsworth's testimony is whether the district court properly performed its "gatekeeping" function to ensure the expert's opinion was reliable and relevant to the issue at hand. DeArmond seeks to discredit Killingsworth's trial testimony. Cross-examination at trial, however, is the proper forum for discrediting testimony, and credibility determinations are, of course, the province of the jury. Instead, our task is to

determine whether the district court abused its discretion in deciding that Killingsworth, based on his mechanical engineering background, was qualified to testify regarding his observations of the lawnmower, the various photographs taken of it, and the component parts, constructions, and mechanics of the steering-wheel assembly.

In *Daubert*, the Supreme Court discussed how an expert's testimony may be deemed "qualified" under Federal Rule of Evidence 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact at issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. In performing its "gatekeeping" duty of screening the evidence an expert anticipates offering, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable". *Daubert*, 509 U.S. at 589. To guide the district courts in making this evaluation, the Court enumerated certain factors to consider, such as whether the expert's theory is "scientific knowledge . . . [which] can be (and has been) tested", whether the theory "has been subjected to peer review and publication", the rate of error, and "general acceptance" in the scientific community. *Id.* at 593-94.

Subsequently, in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Court discussed how *Daubert* applies to the testimony of engineers and other experts who are not scientists (such as Killingsworth). Noting "there are many different kinds of experts, and many different kinds of expertise", the Court determined: "*Daubert* makes clear that the factors it mentions do *not* constitute

a definitive checklist or test"; rather, the Rule 702 inquiry was "a flexible one", and "the gatekeeping inquiry must be tied to the facts of a particular case". *Kumho*, 526 U.S. at 150 (internal quotation marks and citations omitted, emphasis in the original). It concluded: "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"; and, it "must have the same kind of latitude in deciding *how* to test an expert's reliability . . . as it enjoys when it decides *whether or not* that expert's relevant testimony is reliable". *Id.* at 152 (emphasis in original). Ultimately, the trial court's duty is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field". *Id.*

Under this standard, the district court did not abuse its discretion in ruling that Killlingsworth possessed the credentials to provide his testimony. Killingsworth holds a master's degree in mechanical engineering, has taught mechanical engineering for over 14 years, and has served as a consultant in design work for over 35 years, including some work with spline and shaft systems like the one in this action. The district court, after a thorough hearing on the issue, properly determined that Killingsworth's background qualified him to testify as a mechanical engineer with familiarity with systems such as the subject lawnmower.

As for DeArmond's contentions that Killingsworth's testimony inappropriately strayed into the area of metallurgy, the district court appropriately cabined his testimony to whether the "witness marks"–the rust-free areas–indicated that there had once been a retainer clip on the hub; he did *not* testify as to metallurgical issues such as the composition of the metal on the pertinent lawnmower components.

In short, the district court properly performed its gatekeeping function, both in pre-trial screening and throughout Killingsworth's trial testimony.

As for DeArmond's post-trial motion for judgment as a matter of law, or, in the alternative, for a new trial, the district court made short work of his claim. As noted *supra*, the district court determined: "there [was] no error" in allowing Killingsworth's testimony; and, it had "performed the *Daubert* gatekeeping function here, and the testimony of Mr. Killingsworth was appropriate to his level of experience". Essentially for those reasons, the denial of DeArmond's post-trial motion was properly denied.

For the foregoing reasons, the judgment is AFFIRMED.